UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
A/S LUND DAL INVEST and K/S :
GREEN VALLEY, :
 :
               Plaintiffs, :
 :
   - against - :
 :
SHANDONG PROVINCE YANTAI :
INTERNATIONAL MARINE SHIPPING :
CO., a/k/a SHANDONG YANTAI :
INTERNATIONAL MARINE SHIPPING :
CO., a/k/a SYMS :
 :
               Defendant. :
------------------------------------------------------X



08 CV _____
ECF CASE

## VERIFIED COMPLAINT

Plaintiffs, A/S LUND DAL INVEST and K/S GREEN VALLEY ("Plaintiffs"), by and through their attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING CO., a/k/a SHANDONG YANTAI INTERNATIONAL MARINE SHIPPING CO., a/k/a SYMS, ("Defendant"), allege, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all material times to this action, Plaintiff A/S LUND DAL INVEST was foreign company duly organized and operating under foreign law with an office and place of business in Denmark and was the Owner of the M/V GREEN VALLEY ("Vessel").

3.    At all material times to this action, Plaintiff K/S GREEN VALLEY was foreign company duly organized and operating under foreign law with an office and place of business in Germany and was the nominated Owner of the M/V GREEN VALLEY ("Vessel").

4. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in China, and was the Charterer of the Vessel.

5. Pursuant to the terms of a NYPE charter party and riders dated April 26, 2005, the Defendant chartered the Vessel from its prior owner for a period of "minimum 59 months to maximum 61 months in Charterer's option."

6. The charter party required Defendant to pay hire at the rate of "USD 15,500.00 per day or pro rata including overtime payable every 15 days in advance."

7. During the course of the charter party term and before its expiration, the Vessel was sold to the Plaintiffs.

8. Pursuant to the terms of a "Tripartite Agreement" dated August 17, 2007 between the Plaintiffs, the Defendant, and the prior owner of the Vessel, the Plaintiffs undertook to be bound by the terms of the charter party entered into between the prior owner and the Defendant.

9. Pursuant to the terms of the "Tripartite Agreement," The Defendant agreed "to be bound by the terms of the Time Charter in every way as if the [Plaintiffs] were named in the Time Charter as a party thereto in place of the Owner."

10. After execution of the Tripartite Agreement, the Defendant made charter hire payments to the Plaintiffs.

11. Beginning on or about May 15, 2008, the Defendant has failed to make any hire payments to the Plaintiffs, despite that said hire is due and owing under the terms of the Charter Party contract and the Defendant is now in breach of the charter party contract.

12. As a result of Defendant's breaches of the charter party contract, Plaintiffs has sustained damages equal to the amount of outstanding hire due in the total principal amount of **$1,132,500.00** exclusive of interest, arbitration costs and attorney's fees.

13. The charter party provided that any disputes arising thereunder shall be referred to arbitration in Hong Kong with English law to apply.

14. Plaintiffs have already appointed its arbitration in order to commence arbitration in Hong Kong pursuant to the charter party.

15. Despite due demand, Defendant has failed to pay the amounts due to Plaintiffs under the charter party.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiffs expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $1,132,500.00 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $241,684.00 |
| C. | Estimated fees and costs: | $200,000.00 |
| **Total** | | **$1,574,184.00** |

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

18. The Plaintiffs seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiffs' claim as described above.

**WHEREFORE**, Plaintiffs prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$1,574,184.00.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,574,184.00** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiffs' favor against the Defendant as a judgment of this Court;

D.  That this Court award Plaintiffs the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiffs have such other, further and different relief as the Court deems just, proper and equitable.

Dated: July 22, 2008
New York, NY

The Plaintiffs,
A/S LUND DAL INVEST and K/S GREEN VALLEY,

By: /s/ Claurisse C. Orozco
Claurisse Campanale Orozco (CO 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )  ss.:   City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:   July 22, 2008
         New York, NY

_____
Claurisse Campanale-Orozco